IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

ADRIÁN N. CORDERO-RODRÍGUEZ

Defendant.

CRIMINAL:12-685 (DRD)

CRIMINAL:12-687 (DRD)

CRIMINAL:13-027 (DRD)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)

**I.     Procedural Background**

On September 24, 2012, a grand jury returned an indictment against Adrián N. Cordero-Rodríguez, (hereinafter referred to as "defendant") and other individuals. ECF No. 3 in case 12-685 (DRD). Defendant has agreed to plead guilty as to count two in case 12-685 (DRD).  Count two in case 12-685 (DRD) charges that from in or about 2009, and continuing up to and until the return of the indictment in said case, in the District of Puerto Rico and elsewhere within the jurisdiction of this court, Adrián N. Cordero-Rodríguez, defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other diverse persons to commit an offense against the United States, to wit: to import into the customs territory of the United States from places outside thereof, five 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, all in violation of Title 21, United States Code, Section 963, 952 and 960(a)(1) & (b)(1)(B).

Also on September 24, 2012, a grand jury returned another indictment against Adrián N. Cordero-Rodríguez and other persons.  ECF No. 3 in case 12-687 (DRD).  Defendant has agreed to plead guilty as to count two in case 12-687 (DRD).  Count two in case 12-687 (DRD) charges that from in or about May 2010 and continuing to in or about July, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this court, Adrián N. Cordero-Rodríguez, the defendant herein, did

knowingly and intentionally combine, conspire, confederate and agree with other diverse persons to commit an offense against the United States, to wit: to import into the customs territory of the United States from a place outside thereof, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance, all in violation of Title 21, United States Code, Section 963, 952 and 960(a)(1) & (b)(1)(B).

On January 17, 2013, a grand jury returned another indictment against Adrián N. Cordero-Rodríguez. ECF No. 1 in case 13-027 (DRD) . Defendant has agreed to plead guilty to count one in case 13-027 (DRD). Count one in case 13-027 (DRD) charges that on or about May 29, 2011, in the District of Puerto Rico and elsewhere within the jurisdiction of this court, Adrián N. Cordero-Rodríguez, the defendant herein, aiding and abetting others known and unknown to the grand jury, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, delivered five hundred one thousand six hundred seventy tree dollars in U.S. currency ($501,673.00), using the code "Con Pedro de parte de Rosa" ("with Pedro from Rosa") to identify this transaction, which involved the proceeds of a specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in controlled substances (as defined in section 102 of the Controlled Substances Act), set forth in Title 21, United States Code, Section 801, et seq., punishable under any law of the United States including Title 21, United States Code, Sections 841(a)(1) and 846, knowing that the transaction was designed in whole and in part to conceal and disguise, the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, all in violation of Title 18, United States Code, Section 1956 (a)(1)(B)(i) and 2.

**II.     Consent to Proceed Before a Magistrate Judge**

On October 11, 2013, while assisted by counsel the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to a plea of guilty as to count two in case 12-685 (DRD), as to count two in case 12-687 (DRD), and as to count one in case 13-027 (DRD). In open court the defendant was questioned as to the purpose of the hearing being held and was advised

of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

**III.    Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

      **A.    Rule 11(c)(1) Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)). UnitedStates v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

    1.    To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

    2.    To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

    3.    To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

    4.    To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

    5.    To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

### C. Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

In response to further questioning, defendant was explained and he understood that if convicted on count two in cases 12-685 (DRD) and 12-687 (DRD), he will face the following penalties as to each count: a term of imprisonment of at least ten (10) years, but not more than life, a fine of not more than $10,000,000, and a term of supervised release of at least five (5) years.

With respect to count one in case 13-027 (DRD), defendant was explained and he understood that if convicted of said count he will face the following penalties: a term of imprisonment of no more than twenty (20) years, a fine of not more than $500,000 or twice the value of the monetary instruments or funds involved in the offense, whichever is greater, and a term of supervised release of not more than three (3) years.

The defendant was also explained what the supervised release term means. Defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone. The defendant understood this.

**D. Plea Agreement**[1]

The parties have entered into a written plea agreement that, upon being signed by the government, defense attorney and defendant, was filed and made part of the record. Defendant was clearly warned and recognized having understood that:

1. The plea agreement is not binding upon the sentencing court.

2. The plea agreement is an agreement between the defendant, defense counsel and the attorney for the government which is presented as a recommendation to the court in regards to the applicable sentencing adjustments and guidelines, which are advisory.

3. The agreement provides a sentencing recommendation and/or anticipated sentencing guideline computation, that can be either accepted or rejected by the sentencing court.

4. In spite of the plea agreement and any sentencing recommendation contained therein, the sentencing court retains full discretion to reject such plea agreement and impose any sentence up to the maximum possible penalty prescribed by statute.

Defendant acknowledged having understood these explanations and all the terms and conditions of the plea agreement.

**E. Government's Evidence (Basis in Fact)**

The government presented a proffer of its evidence consistent with the version of facts of the plea agreement with which the defendant concurred. Accordingly, it is determined that there is a basis in fact and evidence to establish all the elements of the offense charged.

**F. Voluntariness**

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

**G. Waiver of Appeal**

The defendant was explained, and he understood, that if the court accepts the plea agreement and sentences him according to its terms and conditions, he will be surrendering his right to appeal the sentence and judgment in this case.

---

[1] "Plea agreement" refers to the agreement and its supplement.

## IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, has entered a plea of guilty as to count two in case 12-685 (DRD), as to count two in case 12-687 (DRD) and as to count one in case 13-027 (DRD). After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant Adrián N. Cordero-Rodríguez is competent to enter this guilty plea, is aware of the nature of the offenses charged and the maximum statutory penalties that the same carry, understands that the charges are supported by the government's evidence, has admitted to every element of the offenses charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count two in case 12-685 (DRD), as to count two in case 12-687 (DRD) and as to count one in case 13-027 (DRD).

Any objections to this report and recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

At San Juan, Puerto Rico, this 18th day of November, 2013.

s/Marcos E. López
U. S. MAGISTRATE JUDGE